UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL D. FISHER, SR., | No. 1:17-cv-13248 (NLH/KMW) |
| Plaintiff, | **OPINION** |
| v. | |
| STEVEN PRATT, NEW JERSEY STATE FIRE MARSHAL OFFICE, and SOUTHAMPTON TOWNSHIP FIRE DEPARTMENT, | |
| Defendants.[1] | |

**APPEARANCES**:

DANIEL D. FISHER, SR.
P.O. BOX 83
PEMBERTON, NJ 08068
    Appearing pro se

BETSY G. RAMOS
CAPEHART & SCATCHARD
LAUREL CORPORATE CENTER
8000 MIDLANTIC DRIVE - C.S. 5016
SUITE 300
MOUNT LAUREL, NJ 08054
    On behalf of Defendants Steven Pratt and Southampton
    Township Fire Department

DOMINIC LARUE GIOVA
NEW JERSEY ATTORNEY GENERAL, DIVISION OF LAW
25 MARKET ST
PO BOX 112
TRENTON, NJ 08625
    On behalf of Defendant New Jersey State Fire Marshal Office

---

[1] Defendant Pratt represents he was improperly named in Plaintiff's complaints and that his name is Barry Pratt, not Steven Pratt. Plaintiff refuses to concede this, as he understands the individual identified to him on December 16, 2016 was named Steven Pratt.

**HILLMAN**, District Judge

This matter arises from the demolition of Plaintiff Daniel Fisher, Sr.'s house following a fire. Before the Court are a Motion to Dismiss by Defendant New Jersey State Fire Marshal (the "State Defendant") and a Motion to Dismiss or, in the alternative, for a more definite statement by Defendants Steven Pratt and Southampton Township Fire Department (the "Fire Department Defendants"). Also before the Court is Plaintiff's Motion for Leave to Amend.

For the reasons that follow, the Court will grant the State Defendant's Motion to Dismiss, the Court will grant in part and deny in part the Fire Department Defendants' Motion to Dismiss, and the Court will deny, without prejudice, Plaintiff's Motion for Leave to Amend.

**I.**

The Court takes its facts from Plaintiff's First Amended Complaint. Around 12:35 AM on December 16, 2016, Plaintiff smelled wood burning in his bedroom, which housed a chimney. Plaintiff did not see smoke or fire in his bedroom. Plaintiff proceeded to his dining room, which had a wood stove directly under his bedroom. Plaintiff put the wood fire out and then checked the front and sides of the chimney for excessive heat, finding it cool to the touch.

Plaintiff then returned to his bedroom, where he found a fire burning next to the chimney. Using two fire extinguishers, Plaintiff attempted to put out the fire. After trying unsuccessfully to use a garden hose to put out the fire after the fire extinguishers ran out, Plaintiff dialed 9-1-1. Fifteen to twenty minutes later, a fire truck from the Pemberton Borough Fire Department arrived, followed by the Southampton Township Fire Department and others.

Plaintiff makes various allegations regarding the insufficiency of the firefighting efforts. He alleges "[t]he initial firefighting efforts were misdirecting the water to the east/northeast side of the north end of the house on the second floor." He also alleges at one point "they simply stopped putting water onto the fire for two to three minutes, allowing it to spread into another bedroom on the west side of the house."

Around 2:00 AM, Plaintiff was taken to Virtua Hospital Emergency Room to be treated for smoke inhalation. Plaintiff returned to his home later that morning, where firefighters were still present. Plaintiff was "confronted by a man who stated to [him] that [his] house had to be torn down th[at] very day." Another fireman identified the individual as Steve Pratt, the Chief of the Vincentown Fire Department. Pratt informed Plaintiff "that both the County and New Jersey State Fire

3

Marshals" visited the property and "recommended that the house needed to be torn down." While Plaintiff asked to speak to them, Pratt refused to call them or give Plaintiff their contact information. Plaintiff also told Pratt he wanted a structural engineer to examine his house. Pratt told Plaintiff his house was a danger to children. After removing some items from his house, Plaintiff pleads he had a second conversation with Pratt:

> Pratt . . . stated to me . . . that he was also an investigator from the State Fire Marshal's Office in Trenton and that he had the backing of both the County and State Fire Marshal's Office, as a representative of both entities had been here while I was in the hospital between 2 AM to 6 AM. Mr. Pratt also stated that the house had to be torn down today, and he had the authority to do so, and he didn't want Southampton Township's fire department to have to come back here again.

After this conversation, smoke started coming out of the roof of the house. Plaintiff told Pratt "to have the operator of the excavator peel some of the roofing away where the smoke was so the firemen could put out what was burning." The house was thereafter demolished.

Plaintiff filed a Complaint with this Court on December 15, 2017, followed by a December 28, 2017 Amended Complaint. The December 28, 2017 First Amended Complaint appears to assert causes of action under 42 U.S.C. §§ 1983 and 1985. Plaintiff asks for monetary compensation from Defendants.

On January 29, 2018, the Fire Department Defendants filed a Motion to Dismiss or, in the alterative, for a more definite

4

statement.  On February 14, 2018, the State Defendant filed a Motion to Dismiss.  On February 20, 2018, Plaintiff filed a Second Amended Complaint.  The Court issued a March 14, 2018 Order requiring Plaintiff to file a formal motion with the Court asking for leave to file the February 20, 2018 Second Amended Complaint.  Plaintiff thereafter filed a Motion for Leave to Amend on March 27, 2018.

## II.

The Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## III.

The Court begins with the State Defendant's Motion to Dismiss, which argues for dismissal pursuant to the Eleventh Amendment.  The Court will apply Federal Rule of Civil Procedure 12(b)(1).  See Polanco v. Omnicell, Inc., 988 F. Supp. 2d 451, 460 n.7 (D.N.J. 2013); Morasco v. Pa. Dep't of Transp., No. 98-3613, 1998 U.S. Dist. LEXIS 19491, at *5 (E.D. Pa. Dec. 11, 1998) ("Although defendants assert their Eleventh Amendment objections by way of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Eleventh Amendment is in truth a jurisdictional bar that deprives federal courts of jurisdiction over the subject matter.").  "Rule 12(b)(1) challenges are either facial or factual attacks." Abulkhair v. Office of Attorney Ethics, No. 16-3767, 2017 U.S. Dist. LEXIS 79754, at *9 (D.N.J. May 24,

5

2017). The Court construes the State Defendant's pre-answer challenge as a facial challenge. "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." Id. "Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Id.

The Court will grant the State Defendant's Motion to Dismiss, as Plaintiff's claims against the State Defendant are barred by the Eleventh Amendment. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "That amendment has been interpreted to make states generally immune from suit by private parties in federal court." MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 497, 503 (3d Cir. 2001). "This immunity extends to state agencies and departments." Id.

The Court finds Eleventh Amendment immunity applies to the State Defendant. The State Defendant represents that the New Jersey State Fire Marshal Office "is part of the Division of

6

Fire Safety within the Department of Community Affairs." "The Department of Community Affairs is a principal department 'established in the Executive Branch of the State Government.'" Rhett v. Evans, 576 F. App'x 85, 88 (3d Cir. 2014) (quoting N.J.S.A. 52:27D-1). The Third Circuit has previously found claims against "the Department of Community Affairs . . . [to be] barred by the Eleventh Amendment." Id.

"Eleventh Amendment immunity is subject to three exceptions: 1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." MCI Telecomm, 271 F.3d at 503. None of these exceptions are available here.[2] The Court will grant the State Defendant's Motion to Dismiss.

**IV.**

The Court next considers the Fire Department Defendants' Motion to Dismiss or, in the alternative, for a more definite statement.

---

[2] "Congress did not abrogate sovereign immunity with the passage of the Civil Rights Act of 1871, 42 U.S.C. §§ 1981-1988, or its subsequent amendments." Major Tours, Inc. v. Colorel, 720 F. Supp. 2d 587, 602 (D.N.J. 2010); accord Rhett, 576 F. App'x at 88 ("Section 1983 does not abrogate states' immunity . . . ." (citing Quern v. Jordan, 440 U.S. 332, 340-41 (1979))). The State has not waived immunity, and Plaintiff does not seek "prospective relief to end an ongoing violation of federal law."

7

**A. 12(b)(6) Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than

> conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

### B. 12(e) Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides, in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but

9

which is so vague or ambiguous that the party cannot reasonably prepare a response." "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." Clark v. McDonald's Corp., 213 F.R.D. 198, 232 (D.N.J. 2003). "The prevailing standard employed by district courts in this Circuit is to grant such a motion 'when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial in good faith, without prejudice to [itself]."'" Id. at 232-33 (alteration in original) (quoting Sun Co. v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996)).

> Examples where this standard has been met are where the allegations of a complaint are not sufficiently specific to enable a defendant to determine the propriety of interposing in his answer a waivable defense, or where, in the absence of certain information peculiarly within the knowledge of the plaintiff, the defendant cannot, in good faith, answer the complaint with a general denial.

Id. at 233 (first citing Lunderstadt v. Colafell, 885 F.2d 66, 68-69 (3d Cir. 1989); Murray v. Gencorp, Inc., 979 F. Supp. 1045, 1051 (E.D. Pa. 1997); and then citing Lincoln Labs., Inc. v. Savage Labs., Inc., 26 F.R.D. 141, 143 (D. Del. 1960)).

**C. Legal Discussion**

The Fire Department Defendants' sole argument is that Plaintiff has failed to comply with pleading requirements, to such an extent that they are unable to respond substantively to

Plaintiff's First Amended Complaint.  The Court has reviewed Plaintiff's First Amended Complaint, as well as Plaintiff's proposed Second Amended Complaint, and the Court finds neither complies with the Federal Rules of Civil Procedure.  However, the Court does not find full dismissal of the First Amended Complaint appropriate at this time.

The Supreme Court and the Third Circuit have instructed that "judges [are] to hold pro se complaints 'to less stringent standards than formal pleadings drafted by lawyers.'"  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Thus, courts "tend to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings." Id.  Indeed, this is an "obligation" for district courts, "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'"  Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (alteration in original) (quoting Tristman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)).  Just "because it is difficult to interpret a pro se litigants pleadings" does not mean "it is not necessary to do so."  Id.  While district courts must hew to this standard, "pro

11

se litigants still must allege sufficient facts in their complaints to support a claim." Mala, 704 F.3d at 245.

Plaintiff's First Amended Complaint gives a detailed recitation of the events that occurred on December 16, 2016. Plaintiff also pleads two causes of action: 42 U.S.C. § 1983 for deprivation of his constitutional rights under the Fourteenth Amendment and 42 U.S.C. § 1985.

"Under Section 1983, a plaintiff must plead two elements: (1) deprivation of a constitutional right; and (2) that the constitutional deprivation was caused by a person acting under the color of state law." Zebrowski v. Wells Fargo Bank, N.A., 657 F. Supp. 2d 511, 520 (D.N.J. 2009). "Section 1985(3) permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quoting 42 U.S.C. § 1985(3)).

> [T]he Supreme Court has made clear what a plaintiff must allege to state a claim under § 1985(3): "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."

Id. (quoting United Bd. of Carpenters & Joinders v. Scott, 463 U.S. 825, 828-29 (1983)).

The Court finds Plaintiff's First Amended Complaint contains sufficient allegations to allow his § 1983 claim to proceed at this time against Pratt.  However, the Court finds Plaintiff's First Amended Complaint does not contain sufficient allegations such that the § 1983 claim can proceed against Southampton Township Fire Department.[3]  Additionally, the Court finds Plaintiff has failed to sufficiently plead a cause of action under § 1985 against any defendant.  The Court will grant the Fire Department Defendants' Motion to Dismiss in part (as to the § 1985 and the § 1983 claim as asserted against Southampton Township Fire Department) and deny it in part (as to the § 1983 claim as asserted against Pratt).[4]

---

[3]  Defendants' sole argument at this time for dismissal of the § 1983 cause of action seems to be confined to arguments regarding the pleading's form and lack of substance, i.e., that it is largely a narrative of lengthy, unnumbered paragraphs that does not concisely lay out Plaintiff's causes of action.

[4]  The Court finds dismissal pursuant to Rule 12(b)(6) with leave to amend more appropriate than granting the Fire Department Defendants' Motion for a More Definite Statement. The Court finds Plaintiff's First Amended Complaint, while deficient, to be intelligible and to contain specific factual allegations.  As Plaintiff's Motion for Leave to Amend is denied without prejudice, no prejudice will result to either party in the Court deciding the Fire Department Defendants' Motion under Rule 12(b)(6).

**V.**

The Court last considers Plaintiff's Motion for Leave to Amend. Unless amending as a matter of course, Federal Rule of Civil Procedure 15 provides "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the court should "freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit dictates that amendments should "be granted freely," stating a preference for decisions made "on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990).

"[A] refusal of a motion for leave to amend must be justified. Permissible justifications include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995) (citation omitted). The Court does not find there has been undue delay or bad faith, nor can the Court discern undue prejudice to Defendants. Plaintiff's purported Second Amended Complaint, however, fails to cure the deficiencies noted above with regard to Plaintiff's § 1985 claim, the § 1983 claim against Southampton Township Fire

Department, and all claims against the State Defendant.[5] The Court will deny Plaintiff's motion because accepting the Second Amended Complaint would be, in that sense, futile.

However, the Court will deny the motion without prejudice and will permit Plaintiff to file another Motion for Leave to Amend to attempt to cure the deficiencies noted above, attaching to any such motion a proposed amended complaint. Any proposed amended complaint must comply with Federal Rules of Civil Procedure 8 and 10.[6] Plaintiff is specifically directed that any

---

[5] Plaintiff's First Amended Complaint makes a vague reference to "elder abuse." To the extent Plaintiff attempted to assert an additional claim – one that he characterizes as "elder abuse" – the Court notes Plaintiff appears to abandon such claim in the proposed Second Amended Complaint.

[6] Rule 8(a) states:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(d) further requires "[e]ach allegation must be simple, concise, and direct." Rule 10 requires that a party "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

15

proposed amended complaints must contain numbered paragraphs.

An appropriate Order will be entered.

Date: August 24, 2018         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

Plaintiff failed to abide by these Rules in his First Amended Complaint. However, given his pro se status, the Court finds dismissal on this basis alone inappropriate. See, e.g., Langdon v. Google, Inc., 474 F. Supp. 2d 622, 629 (D. Del. 2007). However, Plaintiff is now on notice of these important Federal Rules and is expected to abide by them in future pleadings before this Court.

16